IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| MAHMOUD M. HUSSEIN, ) | |
| ) | **REDACTED** |
| Defendant. ) | |
| ) | |
| ) | |

# COMPLAINT

The United States of America alleges:

1. This action is brought to enforce the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. ("the FHA" or "the Act").

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 3612(o), as the defendant resides in this judicial district and the events or omissions giving rise to the claim arose in this judicial district.

4. This action is brought by the United States on behalf of A.M. and her minor child C.M., pursuant to 42 U.S.C. § 3612(o) of the FHA. C.M. is handicapped within the meaning of the Act, as defined by 42 U.S.C. § 3602(h), by cerebral palsy, seizure activity, depression, and other physical and mental impairments.

5. Defendant Mahmoud M. Hussein is an individual currently residing in Windsor Locks, Connecticut.

6. At all times relevant to this complaint, Defendant has owned, operated, and acted as a rental manager for seven or more properties, including a single-family house located at 104 North Main Street in Windsor Locks, Connecticut.

7. The house located at 104 North Main Street in Windsor Locks, Connecticut ("the premises") is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b). At all times relevant to this complaint, Defendant did not reside on the premises.

8. On or about June 20, 2006, A.M., on behalf of herself and her daughter C.M., filed a timely, verified housing discrimination complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), which enforces Connecticut fair housing law. The administrative complaint alleges, *inter alia*, that C.M. has multiple disabilities and that Defendant refused to make reasonable accommodations to allow A.M. to keep a service animal on the premises to treat these disabilities, despite the fact that Defendant was aware of C.M.'s disabilities and that C.M. required a service animal to have an equal opportunity to use and enjoy the dwelling. The complaint also alleged that Defendant retaliated against A.M. and C.M. by refusing to renew their lease and serving a notice to quit after Defendant became aware that C.M. was entering a training program, pursuant to the recommendations of her physician, to obtain a service animal.

9. The Department of Housing and Urban Development ("HUD") subsequently assumed jurisdiction over A.M.'s housing discrimination complaint. Pursuant to the requirements of 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD ("the Secretary") conducted an investigation of the complaint, attempted conciliation without success, and prepared a

        final investigative report.  Based on the information gathered in this investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause exists to believe that Defendant discriminated against A.M. and C.M. and violated the FHA.

10. On or about June 7, 2007, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the Defendant with engaging in discriminatory housing practices in violation of the FHA.  HUD concluded in its Determination of Reasonable Cause that A.M. had established that C.M. "is a disabled person within the meaning of the Fair Housing Act" and that, among other things, C.M. "required a service animal to prevent seizures as a result of her cerebral palsy."

11. On or about July 2, 2007, A.M. elected to have the charge resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a).

12. Following this election, the Secretary, through HUD's General Counsel, authorized the Attorney General to file this action on behalf of A.M. and C.M., pursuant to 42 U.S.C. § 3612(o)(1).

13. C.M. has cerebral palsy, depression, seizure activity, and other disabilities which have substantially limited several of her major life activities.  Without the assistance of a dog to treat her disabilities, C.M. is unable to use and enjoy her dwelling.

14. In June 2005, A.M. signed a lease with the Defendant.  A.M. explained that her daughter was disabled and used a dog to treat her disabilities.  However, the Defendant refused to allow the dog on the premises and required that A.M. give up the assistance dog before moving in.  Defendant made A.M. initial the provision on the lease which stated: "No

pets or other animals or livestock shall be kept on the subject premises by the Tenant without the prior written consent of the landlord." The Defendant also wrote in by hand, at the bottom of the lease: "Absolutely NO Dogs or Animals. If any dogs or animals on premises, will start eviction imedbly!" [sic] and required that A.M. initial this statement as well. No other provision of the lease was initialed.

15. C.M.'s disabilities worsened drastically without the dog's assistance. C.M. went from having few, if any, seizures during the prior eight months when she had a dog to experiencing eight to ten seizures a month without a dog. In November 2005, C.M.'s physician recommended that she obtain an assistance dog because her seizures had increased. A letter from the physician's assistant documents this recommendation. On several occasions, from December 2005 through April 2006, A.M. attempted to present the letter to Defendant and to discuss with Defendant C.M.'s disabilities and the need to have an assistance dog to assist in treating her disabilities. Defendant refused to allow any dog, even an assistance dog, on the premises.

16. In June 2006, A.M. informed the Defendant that C.M. would receive a specially-trained service dog in February 2007. In response, Defendant refused to renew A.M.'s year-long lease and stated that A.M. and her family had to vacate the unit before the dog arrived. In the following months, Defendant refused to accept A.M.'s share of the rent, which she sent via certified mail. On September 8, 2006, approximately two months after receiving service of A.M.'s housing discrimination complaint to the CHRO, Defendant served A.M. with a notice to quit, stating that A.M. and her family had to vacate the premises by October 31, 2006, or else Defendant would evict her.

17. The Defendant, through the actions described above, has:

   (a) Discriminated against persons in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of handicap, in violation of 42 U.S.C. § 3604(f)(2);

   (b) Refused to make reasonable accommodations in his rules, policies, practices, or services, when such accommodations may be necessary to afford equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

   (c) Coerced, intimidated, threatened, or interfered in the exercise or enjoyment of rights, or on account of persons having exercised or enjoyed rights, granted or protected by section 3604 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

18. A.M. and C.M. are aggrieved persons as defined in 42 U.S.C. § 3602(I) and have suffered injuries as a result of the Defendant's conduct described above.

19. Defendant's discriminatory actions were intentional, willful, and taken in disregard of the rights of A.M. and C.M..

WHEREFORE, the United States prays that this Court enter an ORDER that:

1. Declares that the Defendant's policies and practices, as alleged herein, violate the Fair Housing Act;

2. Enjoins the Defendant, his officers, employees, agents, successors and all other persons in active concert or participation with him, from:

   (a) Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of handicap, in violation of 42 U.S.C. § 3604(f)(2);

(b)  Failing or refusing to make reasonable accommodations as required by 42 U.S.C. § 3604(f)(3)(B);

(c)  Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of any right, or on account of their having exercised or enjoyed any right, granted or protected by section 3604 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

(d)  Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant's unlawful practices to the position they would have been in but for the discriminatory conduct.

3.  Awards monetary damages to A.M. and C.M. for injuries caused by Defendant's discriminatory conduct, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

4.  The United States further prays for such additional relief as the interests of justice may require.

Dated: August 1, 2007

ALBERTO R. GONZALES
Attorney General


|                                      |                                      |
|--------------------------------------|--------------------------------------|
| _____ | /s/ Wan J. Kim                       |
| KEVIN J. O'CONNOR                    | WAN J. KIM                           |
| United States Attorney               | Assistant Attorney General           |
| District of Connecticut              |                                      |


/s/ Lisa E. Perkins                         /s/ Steven H. Rosenbaum
JOHN B. HUGHES                              STEVEN H. ROSENBAUM, Chief
Civil Chief
LISA E. PERKINS
Assistant United States Attorney
Federal Bar No. ct23164                     /s/ Nicole J. De Sario
450 Main Street                             DONNA M. MURPHY
Hartford, CT 06103                          Deputy Chief
(860) 947-1101                              NICOLE J. DE SARIO
lisa.perkins@usdoj.gov                      Trial Attorney
                                            Federal Bar No. phv02033
                                            United States Department of Justice
                                            Civil Rights Division
                                            Housing and Civil Enforcement Section
                                            950 Pennsylvania Avenue, N.W.
                                            Northwestern Building, 7th Floor
                                            Washington, DC 20530
                                            Tel: (202) 305-3050
                                            Fax: (202) 514-1116
                                            Nicole.DeSario@usdoj.gov-